Essex County Circuit Court.

NORMAN SLOAN AND MARTIN ROSE, PLAINTIFFS, v. GEORGE E. POOR AND COLUMBIA CASUALTY COMPANY, A CORPORATION, DEFENDANTS.

For the plaintiffs, *E. A. & W. A. Schilling.*

For the defendants, *Fleming & Handford.*

DUNGAN, J. The facts as they appeared in the argument are that George E. Poor, one of the defendants, was a tenant of Norman Sloan, one of the plaintiffs. Sloan through Martin Rose, his bailiff, the other plaintiff distrained certain furniture of Poor for $210 being for three months arrears of rent due on April 1st, 1927. Poor thereupon instituted an action in replevin and gave a bond to the sheriff with Columbia Casualty Company as surety in the sum of $2,000 conditioned for the return of the furniture, should a return thereof be awarded. Poor was nonsuited and the bond assigned by the sheriff to the plaintiffs and this action brought by the plaintiffs to recover upon the replevin bond. The defendant George E.

Poor was not found by the sheriff and summons and complaint were served only upon the Columbia Casualty Company. An affidavit of merits being required and no such affidavit of merits being filed a rule for final judgment was filed in the Essex County Circuit Court on October 25th, 1928, for the amount of the bond, $2,000 and costs. On this judgment a writ of execution was issued. Motion is now made on behalf of the Columbia Casualty Company to stay said execution and to vacate the judgment final and to enter an interlocutory judgment, and that a jury from the general panel be drawn to assess the damages of the plaintiffs.

It will be observed from the above statement of facts that the original debt due from Poor to Sloan was $210, while it is insisted on behalf of the plaintiff Sloan that he is entitled to enforce against the defendant Columbia Casualty Company his judgment for $2,000; a situation so manifestly unjust that it can hardly be expected that the court will permit him to collect $2,000 for a debt of $210.

The situation in this case is different from one in which the plaintiff, in the event of a judgment in his favor, would have been entitled to the permanent possession of the goods. The right of possession of the plaintiff here would, at best, have been only a qualified one. His right to their possession was only for the purpose of realizing from them the amount of the debt due to him for rent. If, upon service of the writ requiring their return, they had been delivered to him, he could not have retained them but would have been obliged to sell them to realize the sum of $210, the rent due with interest and costs, &c. In place of the goods he has the bond, and I can see no reason why he is entitled to recover from the surety any more than he could have recovered if the goods had been returned to him.

The order of the court therefore is that the final judgment be vacated, that interlocutory judgment for the penalty of the bond be entered, or, if already entered be permmitted to stand, and that a jury be drawn from the general panel to assess the damages of the plaintiffs in accordance with law and the practice of this court.